990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando ANTUNEZ-ANTUNEZ, Defendant-Appellant.
 No. 92-30231.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 13, 1993.
 
 Before WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando Antunez-Antunez pled guilty to possessing cocaine and heroin with intent to distribute. 21 U.S.C. 841(a)(1). He now appeals his sentence, arguing that the district court should have given him a four point downward adjustment because his participation in the crime was "minimal." Antunez-Antunez received a two-level downward adjustment as a "minor" participant. He also contends that the district court's decision not to depart downward is reviewable, and that because a downward departure is indicated, the case should be remanded for resentencing. We affirm Antunez-Antunez's sentence.
 
 I. Background
 
 3
 Antunez-Antunez was carrying drugs from Yakima, Washington to Anchorage, Alaska. He was caught at the Anchorage airport, by officers who had been alerted by their counterparts in Yakima that Antunez-Antunez was flying to Anchorage, and fit the profile for a drug courier. The officers approached Antunez-Antunez, and they asked to see his wallet. The identification he produced did not match the name under which he was flying. While they were asking Antunez-Antunez about this inconsistency, the officer noticed that he had a unnatural bulge in his groin. Antunez-Antunez denied that there was anything hidden in his pants, but one of the officers grabbed the bulge, and he heard a crunching sound. Antunez-Antunez was then escorted to a State Trooper office in the airport terminal, where at the request of the officers he extracted the package hidden in his crotch. The package contained 84 grams of cocaine and 46 grams of heroin. Antunez-Antunez was originally indicted for conspiracy and possession with intent to distribute, but after a hung jury, ultimately pled guilty only to the possession counts. Receiving a two point downward adjustment for "minor" participation, and another two points for acceptance of responsibility, Antunez-Antunez was sentenced to 27 months.
 
 II. Minimal Participation
 
 4
 Antunez-Antunez did receive a two point downward adjustment for being a minor participant, but argues that the district court should have gone further and deducted a total of four points because his participation was not just minor, but minimal. U.S.S.G. 3B1.2. "We review a trial court's determination that a defendant is not a minor or minimal participant for clear error." United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991).
 
 
 5
 The Guidelines contemplate that a downward adjustment for being a minimal participant "will be used infrequently." Application Note 2 to U.S.S.G. § 3B1.2. To decide if a defendant's role was minimal, the court compares his culpability with that of the other participants. United States v. Petti, 973 F.2d 1441, 1445 (9th Cir.1992).
 
 
 6
 The district judge noted that Antunez-Antunez did not occupy a small role in a large operation, nor was he was recruited for a single transaction. He had flown to Anchorage twice in connection with drug smuggling, and the amount he was carrying was not small. His fingerprints on the cocaine scale showed that his participation was not limited to carrying cocaine on this trip. The district judge's finding that Antunez-Antunez was not a "minimal participant" was not clearly erroneous. Cf. United States v. Zweber, 913 F.2d 705 (9th Cir.1990).
 
 III. Downward Departure
 
 7
 The court of appeals has no authority to review a trial judge's decision not to depart downward. United States v. Zweber, 913 F.2d 705, 707 (9th Cir.1990). However, if the district court refused to exercise its discretion because it believed it had none, that decision is reviewable. United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991).
 
 
 8
 Antunez-Antunez has sought a downward departure under United States v. Valdez-Gonzalez, 957 F.2d 643 (9th Cir.1992) (approving a downward departure for a "mule"). Antunez-Antunez points to the following language as indicating the judge's perception that he lacked the discretion to depart.
 
 
 9
 THE COURT: With respect to the application for a departure pursuant to Guideline 5(k)(2.0), and that request being based upon United States v. Valdez Gonzalez, I'm going to deny the application for a departure. Because it's circuit law, I cannot quarrel with the availability of this basis for departure. I have to work with it, but I will say for all to hear that I think this is another of these really bad unworkable exceptions that the circuit has created ... In this instance, attempting to apply Valdez, I will say first that I am simply not shocked in this case by what the application of the guideline does.... I don't think, given the fact that this defendant made at least a trial run, maybe with, maybe without drugs, and the fact that he was carrying what I consider to be a significant, rather than a small, quantity of drugs, should take this situation out of the Valdez case. And principally for those reasons, but also because I think it's a bad rule, I decline to depart from the guidelines in this case. (emphasis added)
 
 
 10
 Sentencing Transcript at 25. Judge Holland plainly exercised his discretion to "decline" to depart after recognizing the availability of the claimed basis for departure. His decision not to depart is therefore not reviewable.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3